LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 31 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00055 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| HUI CHUN CHEN, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, HUI CHUN CHEN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging her with Attempted Illegal Reentry of Removed Alien, in violation of Title 8 U.S.C. §§ 1326(a)(1) and (2).

2. The defendant, HUI CHUN CHEN, understands that the <u>maximum</u> sentence for Attempted Illegal Reentry of Removed Alien in violation of Title 8 U.S.C. §§ 1326(a)(1) and (2) is two (2) years incarceration, a $250,000 fine, and a $100 special assessment fee. The defendant also understands that any sentence imposed shall include a term of supervised release of one (1) year in addition to such terms of imprisonment as well as such restitution as the court may order and a $100 special assessment fee. The $100 special assessment fee must be

1

paid at the time the guilty plea is entered or at the time of sentencing. If defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her to not more than one (1) year of incarceration pursuant to 18 U.S.C. §3583(e)(3). In exchange for the timely resolution of this case, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any.

3. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of attempted illegal reentry of removed alien, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant had the purpose or conscious desire to reenter the United States without the express consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security ("DHS");
>
> Second: the defendant committed an overt act that was a substantial step towards reentering the United States without that consent;
>
> Third: the defendant was not a citizen of the United States at the time of her attempted reentry into the United States;
>
> Fourth: the defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and
>
> Fifth: the Attorney General or the Secretary of DHS had not consented to the defendant's attempted reentry because the defendant had not submitted a request for permission to enter the United States to the said authorities.

5. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by her counsel or any other person, such discrepancy is not a basis to

2

withdraw her guilty plea. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

6. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined from the facts set forth herein, to wit:

   a. The defendant was born in 1981, and is a citizen of the Republic of China.

   b. On about August 13, 2003, the defendant was lawfully removed from Boston, Massachusetts to Taipei, Taiwan via Los Angeles, California. As a result of such removal the defendant knew she was prohibited from entering, attempting to enter, or being in the United States for a period of five (5) years from on about August 13, 2003. The defendant knew that she was required to request and obtain permission from the Attorney General to reapply for admission into the United States. The defendant attempted to enter the United States with the purpose of entering Guam without proper permission. Sometime in early June 2007 the defendant purchased airline tickets to Guam. On June 10, 2007, she arrived at the Guam International Airport, port of entry, from Taipei, Taiwan on China Airlines Flight 026. After disembarking the plane, the defendant presented her Taiwanese passport to a U.S. Customs and Border Protection officer for the purpose of gaining entry into the United States. The defendant intended to reenter the United States without the express consent of the U.S. Attorney General or his successor, the Secretary of the Department of Homeland Security. The defendant did not request permission and obtain either one's consent before attempting to reenter the United States as required by law.

7. For purposes of determining the offense level and advisory Sentencing Guidelines range, the parties stipulate to the following:

   a. U.S.S.G. § 2L1.2(a) applies to the offense and establishes a base offense level of eight (8);

   b. The government agrees to recommend a two-level reduction in the offense level for

3

Case 1:07-cr-00055   Document 14-2   Filed 07/31/2007   Page 3 of 6

acceptance of responsibility under § 3E1.1(a) provided defendant continues to demonstrate acceptance of responsibility through sentencing.

      c. The parties anticipate defendant's Criminal History is Category I.

      d. The applicable total offense level is six (6) based upon the calculations set forth above, and, provided the defendant's Criminal History is Category I, the advisory Sentencing Guidelines range is zero (0) to six (6) months. The government will recommend a sentence of time served.

      e. The parties request for an expedited sentencing report and a sentencing hearing to be scheduled approximately two (2) weeks after the change of plea hearing

      8. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

      9. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

      a. the nature and elements of the charges and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

      b. her right to be represented by an attorney;

      c. her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her,

1 | and the right not to be compelled to incriminate herself, that is, the right not to testify;

      d. that if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

      e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendation of the government or her counsel;

      f. that, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

      g. that she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

      h. that she reads, speaks, writes and understands the Chinese, Mandarin dialect;

      i. that she has had this agreement translated into her native language, and she fully understands it; and

//
//
//
//
//
//
//
//
//
//
//

5

j. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 7/30/07

*Chen Hui Chun*
HUI CHUN CHEN
Defendant

DATED: 7/30/07

RICHARD P. ARENS
Assistant Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 7/31/07

MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 7/31/07

JEFFREY J. STRAND
First Assistant U.S. Attorney